UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JERRY EISOM                    :

      v.                    :      C.A. No. 15-245ML

UNITED STATES GOVERNMENT,  :
HOMELAND SECURITY          :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Before this Court for Determination is Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On June 16, 2015, Plaintiff Jerry Eisom filed a Complaint against the United States Government. (Document No. 1 at p. 1). On the Civil Cover Sheet, Plaintiff described his suit as "home being invaded, with a T.V., channel, for people to look into my home." (Document No. 1-1 at p. 2). Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that Plaintiff is entitled to IFP status and GRANTS Plaintiff's Application to Proceed IFP. (Document No. 2).

However, in assessing IFP status, this Court is also required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED because it is

"frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Discussion**

The standard for dismissal of an action filed IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). At the same time, the court need not credit bald assertions or unverifiable conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (internal quotations omitted). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, a claim lacks an arguable basis in fact when the facts alleged are "irrational or wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiffs allegations" when such factual allegations describe "fantastic or delusional scenarios").

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations

and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Although Plaintiff's handwritten Complaint is somewhat confusing, it generally alleges governmental harassment and invasion of privacy including the use of cable and phone service providers to take pictures of him in his home and the use of a towing company to "plant camera's [sic] and hearing devices" in his car. (Document No. 1 at p. 2). He also alleges that "teenagers" have been paid by the Government to film and take pictures of him and his movements. Id. at p. 4. Finally, he asserts that the Government uses people who came into his apartment and "lacerate my drinking water and food that is keep-ed [sic] in the refrigerator." Id. at p. 3. While Plaintiff appears to sincerely believe his claims, they are not supported by fact, and the Court is not required to accept "factual contentions that are irrational, delusional, or wholly incredible." Laurence v. Wall, C.A. No. 09-427ML, 2009 WL 4780910 at *3 (D.R.I. Dec. 10, 2009) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992) (court need not accept "fantastic or delusional scenarios")). Accordingly, the Court is required by Section 1915(e)(2) to dismiss Plaintiff's Complaint as frivolous and for failure to state any viable legal claims.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). I further recommend that Plaintiff's Complaint (Document No. 1) be DISMISSED with prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv

72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See <u>United States v. Valencia</u> <u>Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 18, 2015